IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. NOLAN, JR. | : | CIVIL ACTION |
| 894 Marker Drive | : | |
| West Chester, Pennsylvania 19382-5507 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 02-2805 |
| | : | |
| READING BLUE MOUNTAIN & | : | |
| NORTHERN RAILROAD COMPANY, | : | |
| a Pennsylvania Corporation, | : | |
| One Railroad Boulevard | : | |
| Port Clinton, Pennsylvania 19549 | : | |
| | : | |
| Defendant | : | TRIAL BY JURY DEMANDED |

**ORDER**

AND NOW this _____ day of _____, 2002, it is hereby ORDERED and
DECREED that Plaintiff's Renewed Request for the Entry of Default and/or Default Judgment and
Request for a Determination on the Amount of Dmages Purusaunt to Rule 55 of Federal Rules of
Civil Procedure is DENIED.

BY THE COURT:

_____
                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. NOLAN, JR. | : | CIVIL ACTION |
| 894 Marker Drive | : | |
| West Chester, Pennsylvania 19382-5507 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 02-2805 |

|   |   |   |
|---|---|---|
| | : | |
| READING BLUE MOUNTAIN & | : | |
| NORTHERN RAILROAD COMPANY, | : | |
| a Pennsylvania Corporation, | : | |
| One Railroad Boulevard | : | |
| Port Clinton, Pennsylvania 19549 | : | |
| | : | |
| Defendant | : | TRIAL BY JURY DEMANDED |

### DEFENDANT, READING BLUE MOUNTAIN & NORTHERN RAILROAD COMPANY'S ANSWER TO PLAINTIFF'S RENEWED REQUEST FOR ENTRY OF DEFAULT JUDGMENT AND/OR REQUEST FOR ENTRY OF DEFAULT AND REQUEST FOR A DETERMINATION ON THE AMOUNT OF DAMAGES PURSUANT TO RULE 55 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND, IN THE ALTERNATIVE, MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Defendant, by and through its attorneys, Paul R. Ober, Esquire respectfully requests that Plaintiff's Renewed Request for Entry of Default Judgment and/or Request for Etnry of Default and Request for a Determination on the Amount of Damages be denied and, in support thereof, represents as follows:

1.    Admitted that Defendant received a copy of Plaintiff's Complaint on August 16, 2002. Furthermore, Plaintiff filed a Civil Action against Defendant in the Chester County Court of Common Pleas on or about August 1, 2001, docketed as No. 01-06306, which action has been scheduled for trial before the Honorable Robert J. Shenkin.  A copy of the trial notice issued by the Chester County Court of Common Pleas is attached hereto and marked Exhibit 1.

2.    Admitted that the case was assigned to the Honorable Petrese B. Tucker and that a copy of a letter from Alisa Ross is attached to Plaintiff's Renewed Request.

3.    Admitted that Defendant was served on or about August 16, 2002 and that a copy of a

letter from counsel for Plaintiff is attached to Plaintiff's Renewed Request. The remaining allegations are denied.

4. Denied as stated. Defendant filed its Answer to Complaint with Affirmative Defenses on September 12, 2002, which is incorporated herein by reference.

5. Admitted that Plaintiff filed a Request for Etnry of Default Judgement on September 6, 2002. Denied that it was filed pursuant to F.R.C.P. 55(a). Furthermore, Plaintiff was and is not entitled to the entry of default judgement, as more fully set forth in Defendant's Answer with Affirmative Defenses to Request for Entry of Defualt Judgement and, In the Alternantive, Motion to Set Aside Default and Default Judgment (henceforth "Answer to Plaintiff's initial Request"), which was filed on September 12, 2002.

6. Denied as stated. Defendant filed its Answer to Complaint with Affirmative Defenses on September 12, 2002. Paul R. Ober, counsel for Defendant telephoned counsel for Plaintiff on September 10, 2002 and told Plaintiff's counsel that he was representing the Defendant in this action. At the time of the filing of his Renewed Request, counsel for Plaintiff was fully aware of Mr. Ober's representation of the Defendant, yet counsel for Plaintiff failed to serve Mr. Ober with a copy of the Renewed Request until 10:57 a.m. on October 3, 2002, more than three weeks after the filing of the Renewed Request with the Court.

7. Denied. Plaintiff is not entitled to the entry of a default, nor is he entitled to the entry of default judgement. The entry of default would be improper.

8. Denied as stated. Plaintiff's Complaint does not request a specific amount of money damages, but for all of the reasons set forth above and below, Plaintiff is not entitled to the entry of default nor is he entitled to the entry of default judgment. Accordingly, a hearing to determine

3

damages would be improper.

WHEREFORE, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny Plaintiff's request for 1) the entry of default; 2) the entry of default judgment; 3) a hearing to determine damages; and 4) all other relief.

## AFFIRMATIVE DEFENSES TO THE ENTRY OF DEFAULT JUDGMENT

### I.

9.  Plaintiff's initial Request for the Entry of Default Judgment, filed September 6, 2002, as well as the Renewed Request, are premised upon F.R.C.P. 55(a).

10.  Federal Rule of Civil Procedure 55(a) does not permit the entry of default judgment.

11.  In order to obtain a default judgment, which is the relief requested by Plaintiff, he must comply with F.R.C.P. 55(b)(2).

12.  Plaintiff has not complied with F.R.C.P 55(b)(2).

13.  Plaintiff is not entitled to the entry of default judgment against Defendant.

14.  Defendant incorporates herein by reference its Answer to Plaintiff's initial Request and Memorandum of Law in support thereof, as fully as though set forth herein at length.

15.  For the reasons set forth in Defendant's Answer to Plaintiff's initial Request and Memorandum, as well as for the reasons set forth above and below, Plaintiff is not entitled to the relief he requests.

WHEREFORE, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny Plaintiff's Request for Entry of Default Judgment.

### II.

4

16.  On September 10, 2002 Paul R. Ober, counsel for Defendant, telephoned counsel for Plaintiff, John M. LaRosa and informed Mr. LaRosa of his representation of the Defendant in this action.

17.  During that conversation, Mr. LaRosa did not inform Mr. Ober that he was filing or had filed the Renewed Request.

18.  According to the docket entries, Plaintiff's Renewed Request was filed on September 10, 2002.

19.  Federal Rule of Civil Procedure 5(a) requires that "every pleading subsequent to the original complaint . . .shall be served upon each of the parties."

20.  Federal Rule of Civil Procedure 5(b)(1) mandates that service "on a party represented by an attorney is made on the attorney . . ."

21.  Federal Rule of Civil Procedure 5(d) states that all papers required to be served upon a party "must be filed with the court within a reasonable time _after_ service . . ."(emphasis added).

22.  Mr. LaRosa had an obligation to serve on September 10, 2002 Plaintiff's Renewed Request upon counsel for Defendant.

23.  Plaintiff failed to mail a copy of Plaintiff's Renewed Request upon counsel for Defendant on September 10, 2002 and at any subsequent point up until this time.

24.  Mr. LaRosa did, however, fax a copy of Plaintiff's Renewed Request to Mr. Ober on October 3, 2002.

25.  By letter dated October 3, 2002 Mr. LaRosa acknowledged that Defendant was not in receipt of the Renewed Request as of that date.  A copy of the letter is attached hereto and makred Exhibit 1.

26.  By letter also dated October 3, counsel for Defendant asked Mr. LaRosa to withdraw Plaintiff's Renewed Request.  A copy of that letter is attached hereto and marked Exhbit 2.

27.  At the earliest, service upon Defendant of Plaintiff's Renewed Request occurred on October 3, 2002.

28.  Service was a necessary prerequisite to the proper filing of the Renewed Request.

29.  Even assuming, <u>arguendo</u>, that the faxing of a copy of the Renewed Request on October 3, 2002 constitutes proper service upon Defendant, then the filing of the Renewed Request is deemed to have occurred, at the earliest, on October 3, 2002.

30.  Defendant filed its Answer with Affirmative Defenses to Plaintiff's Complaint on September 12, 2002.

31.  Federal Rule of Civil Procedure 55(a) permits the entry of default only when a party "has failed to plead. . ."

32.  Defendant has not failed to plead to the Complaint.

33.  Neither a default nor a default judgment can be entered subsequent to the filing of an Answer with Affirmative Defenses.  F.R.C.P. 55(a).

34.  Plaintiff is not entitled to the entry of default, default judgment, a hearing on damages or any other such relief.

WHEREFORE, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny Plaintiff's request for 1) the entry of default; 2) the entry of default judgment; 3) a hearing to determine damages; and 4) all other relief.

III.

35.  Even if a default or default judgment had been entered against Defendant, it would be entitled to the setting aside of the same for the additional reasons set forth in Defendant's

Motion to Set Aside Default and Default Judgment, inlcuded in Defendant's Answer to Plaintiff's inital Request, which is incorporated herein by reference.

Wherefore, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny

Respectfully submitted,
**PAUL R. OBER & ASSOCIATES**

By:_____

Paul R. Ober, Esquire
Attorney ID No. 17998
234 North 6th Street
Reading, PA 19601
(610) 378-0121
(610) 378-9712 (fax)
Attorney for Defendant

F:\Blue Mountain & Northern Railroad\Nolan, Jr. v RBM&NRR\Answer to Renewed Request.wpd

7

**MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT
PURSUANT TO F.R.C.P. 55(c)**

As of the close of business on September 11, 2002, a default judgment had not been entered against Defendant. In the event that default judgment has been entered in the few hours between the close of business on September 11, 2002 and the filing of this document, then Defendant respectfully requests, pursuant to F.R.C.P 55(c), that the default and default judgment be set aside and, in support thereof, respectfully represents as follows:

9. Plaintiff filed his Request for Entry of Default Judgment on September 6, 2002, the 21st day after delivering a copy of the Complaint to Defendant.

10. Defendant was served with the Request by U.S. Mail.

11. Defendant did not receive a copy of the Request for Entry of Default Judgment until September 10, 2002.

12. The Request for Entry of Default Judgment is procedurally deficient as outlined in the foregoing paragraphs 5 through 8.

13. Plaintiff was not entitled to the entry of default judgment due to the procedural deficiencies.

14. At the time of receipt of a copy of the Complaint in this action, Defendant was monitoring the Civil Action that Plaintiff filed against Defendant in the Chester County Court of Common Pleas, which action was on the Honorable Robert J. Shenkin's trial list.

15. Unbeknown to Defendant, Plaintiff filed a Praecipe to "Settle, Discontinue and End Without Prejudice" the Chester Court action on or about August 15, 2002.

16. Under the Pennsylvania Rules of Civil Procedure, Plaintiff was required to, at the least,

serve Defendant with a copy of the Praecipe.

17.  Plaintiff failed to so serve Defendant.

18.  Plaintiff's commencement of this action, despite the pendency of the prior state court action, created confusion on the part of Defendant.

19.  Defendant is acting promptly in seeking to have the default and default judgment set aside: it is filing this Answer to Request for Entry of Default Judgment and Motion to Set Aside, along with its Answer to Complaint, on the 27th day following Defendant's receipt of a copy of the Complaint.

20.  Given the diligence of Defendant, Plaintiff will not be prejudiced by the setting aside of the default and default judgment.

21.  Defendant has a meritorious defense to Plaintiff's age discrimination action.

20.  Plaintiff was a full time at will employee of Defendant from March 17, 1997 until August 2, 2000.

21.  Plaintiff received training and opportunities commensurate with that provided to his fellow employees, including those employees who were younger than Plaintiff.

22.  Plaintiff, along with other of Defendant's employees, were assigned to work out of various locations in eastern Pennsylvania during the times alleged in Plaintiff's Complaint.

23.  On August 1, 2000 Defendant advised an employee of Defendant that Plaintiff would not appear for work on the following day.

24.  Plaintiff knew at the time that his refusal to appear for work would result in his dismissal.

25. Plaintiff failed to appear for work on August 2, 2000.

9

26. Plaintiff's employment was terminated for this reason alone.

27. Defendant routinely terminates the employment of all employees who refuse to appear for work at the assigned location.

28. In addition, Defendant is entitled to judgment in its favor for all of the reasons set forth in the attached Answer to Complaint and Affirmative Defenses.

29. Defendant is entitled to the setting aside of the default and default judgment.

Denied as stated.  Plaintiff filed his Request of Entry of Default Judgment on the 21st day following Defendant's receipt of a copy of the Complaint.  Neither a default nor a judgment has been entered on the dockets as of the time of the instant filing.

3.  Denied as stated.  Wherefore, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny Plaintiff's Request for Entry of Default Judgment.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN M. NOLAN, JR.:CIVIL ACTION

894 Marker Drive:

West Chester, Pennsylvania 19382-5507:

:

Plaintiff:

:

v.  :No. 02-2805

:

READING BLUE MOUNTAIN &:

NORTHERN RAILROAD COMPANY,:

a Pennsylvania Corporation,:

One Railroad Boulevard:

Port Clinton, Pennsylvania 19549:

:

Defendant:TRIAL BY JURY DEMANDED

**ORDER**

AND NOW this _____ day of _____, 2002, it is hereby ORDERED and

DECREED that the Default and Default Judgment entered in this action are set aside.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN M. NOLAN, JR. : CIVIL ACTION
894 Marker Drive :
West Chester, Pennsylvania 19382-5507 :
    :
Plaintiff :
    :
v. : No. 02-2805
    :
READING BLUE MOUNTAIN & :
NORTHERN RAILROAD COMPANY, :
a Pennsylvania Corporation, :
One Railroad Boulevard :
Port Clinton, Pennsylvania 19549 :
    :
Defendant : TRIAL BY JURY DEMANDED

**ORDER**

AND NOW this _____ day of _____, 2002, it is hereby ORDERED and

DECREED that Plaintiff's Request for Default Judgment is DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN M. NOLAN, JR.:CIVIL ACTION
894 Marker Drive:
West Chester, Pennsylvania 19382-5507:
:
Plaintiff:
:
v.  :No. 02-2805
:
READING BLUE MOUNTAIN &:
NORTHERN RAILROAD COMPANY,:
a Pennsylvania Corporation,:
One Railroad Boulevard:
Port Clinton, Pennsylvania 19549:
:
Defendant:TRIAL BY JURY DEMANDED

**DEFENDANT, READING BLUE MOUNTAIN & NORTHERN RAILROAD
COMPANY'S
ANSWER TO REQUEST FOR ENTRY OF DEFAULT JUDGMENT
PURSUANT TO F.R.C.P. 55(a)
AND, IN THE ALTERNATIVE,
MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

Defendant, by and through its attorneys, Paul R. Ober, Esquire respectfully requests that

Plaintiff's Request for Entry of Default Judgment be denied and, in support thereof, represents as

follows:

1.  Admitted that Defendant received a copy of Plaintiff's Complaint on August 16, 2002.

Furthermore, Plaintiff filed a Civil Action against Defendant in the Chester County Court of

Common Pleas on or about August 1, 2001, docketed as No. 01-06306, which action has been

scheduled for trial before the Honorable Robert J. Shenkin.  A copy of the trial notice issued by the

Chester County Court of Common Pleas is attached hereto and marked Exhibit 1.

2. Denied as stated. Plaintiff filed his Request of Entry of Default Judgment on the 21st day following Defendant's receipt of a copy of the Complaint. Neither a default nor a judgment has been entered on the dockets as of the time of the instant filing.

3. Denied as stated. Defendant is filing its Answer to Complaint concurrently with filing this Answer and Motion. A copy of the Answer is attached hereto and marked Exhibit 2.

Wherefore, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny Plaintiff's Request for Entry of Default Judgment.

### AFFIRMATIVE DEFENSES TO THE ENTRY OF DEFAULT JUDGMENT

4. Plaintiff's Request is premised upon F.R.C.P. 55(a).

5. Federal Rule of Civil Procedure 55(a) does not permit the entry of default judgment.

6. In order to obtain a default judgment, which is the relief requested by Plaintiff, he must comply with F.R.C.P. 55(b)(2).

7. Plaintiff has not complied with F.R.C.P 55(b)(2).

8. Plaintiff is not entitled to the entry of default judgment against Defendant.

Wherefore, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court deny Plaintiff's Request for Entry of Default Judgment.

### MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT
### PURSUANT TO F.R.C.P. 55(c)

As of the close of business on September 11, 2002, a default judgment had not been entered against Defendant. In the event that default judgment has been entered in the few hours between the close of business on September 11, 2002 and the filing of this document, then Defendant respectfully requests, pursuant to F.R.C.P 55(c), that the default and default judgment be set aside

15

and, in support thereof, respectfully represents as follows:

9.  Plaintiff filed his Request for Entry of Default Judgment on September 6, 2002, the 21st day after delivering a copy of the Complaint to Defendant.

10.  Defendant was served with the Request by U.S. Mail.

11.  Defendant did not receive a copy of the Request for Entry of Default Judgment until September 10, 2002.

12.  The Request for Entry of Default Judgment is procedurally deficient as outlined in the foregoing paragraphs 5 through 8.

13.  Plaintiff was not entitled to the entry of default judgment due to the procedural deficiencies.

14.  At the time of receipt of a copy of the Complaint in this action, Defendant was monitoring the Civil Action that Plaintiff filed against Defendant in the Chester County Court of Common Pleas, which action was on the Honorable Robert J. Shenkin's trial list.

15.  Unbeknown to Defendant, Plaintiff filed a Praecipe to "Settle, Discontinue and End Without Prejudice" the Chester Court action on or about August 15, 2002.

16. Under the Pennsylvania Rules of Civil Procedure, Plaintiff was required to, at the least, serve Defendant with a copy of the Praecipe.

17.  Plaintiff failed to so serve Defendant.

18.  Plaintiff's commencement of this action, despite the pendency of the prior state court action, created confusion on the part of Defendant.

19.  Defendant is acting promptly in seeking to have the default and default judgment set aside: it is filing this Answer to Request for Entry of Default Judgment and Motion to Set Aside,

16

along with its Answer to Complaint, on the 27th day following Defendant's receipt of a copy of the Complaint.

20.  Given the diligence of Defendant, Plaintiff will not be prejudiced by the setting aside of the default and default judgment.

21.  Defendant has a meritorious defense to Plaintiff's age discrimination action.

20.  Plaintiff was a full time at will employee of Defendant from March 17, 1997 until August 2, 2000.

21.  Plaintiff received training and opportunities commensurate with that provided to his fellow employees, including those employees who were younger than Plaintiff.

22.  Plaintiff, along with other of Defendant's employees, were assigned to work out of various locations in eastern Pennsylvania during the times alleged in Plaintiff's Complaint.

23.  On August 1, 2000 Defendant advised an employee of Defendant that Plaintiff would not appear for work on the following day.

24.  Plaintiff knew at the time that his refusal to appear for work would result in his dismissal.

25.  Plaintiff failed to appear for work on August 2, 2000.

26.  Plaintiff's employment was terminated for this reason alone.

27.  Defendant routinely terminates the employment of all employees who refuse to appear for work at the assigned location.

28.  In addition, Defendant is entitled to judgment in its favor for all of the reasons set forth in the attached Answer to Complaint and Affirmative Defenses.

29.  Defendant is entitled to the setting aside of the default and default judgment.

Wherefore, Defendant, Reading Blue Mountain & Northern Railroad Company respectfully requests that this Honorable Court set aside a default and default judgment against Defendant.

Respectfully submitted,

**PAUL R. OBER & ASSOCIATES**


By:_____
      Paul R. Ober, Esquire
      Attorney ID No. 17998
      234 North 6th Street
      Reading, PA 19601
      (610) 378-0121
      (610) 378-9712 (fax)
      Attorney for Defendant

F:\Blue Mountain & Northern Railroad\Nolan, Jr. v RBM&NRR\Answer to Renewed Request.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. NOLAN, JR. | : | CIVIL ACTION |
| 894 Marker Drive | : | |
| West Chester, Pennsylvania 19382-5507 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 02-2805 |
| | : | |
| READING BLUE MOUNTAIN & | : | |
| NORTHERN RAILROAD COMPANY, | : | |
| a Pennsylvania Corporation, | : | |
| One Railroad Boulevard | : | |
| Port Clinton, Pennsylvania 19549 | : | |
| | : | |
| Defendant | : | TRIAL BY JURY DEMANDED |

**ORDER**

AND NOW this _____ day of _____, 2002, it is hereby ORDERED and

DECREED that the Default and Default Judgment entered in this action are set aside.

BY THE COURT:

_____
                                                                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. NOLAN, JR. | : | CIVIL ACTION |
| 894 Marker Drive | : | |
| West Chester, Pennsylvania 19382-5507 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 02-2805 |
| | : | |
| READING BLUE MOUNTAIN & | : | |
| NORTHERN RAILROAD COMPANY, | : | |
| a Pennsylvania Corporation, | : | |
| One Railroad Boulevard | : | |
| Port Clinton, Pennsylvania 19549 | : | |
| | : | |
| Defendant | : | TRIAL BY JURY DEMANDED |

**ORDER**

AND NOW this _____ day of _____, 2002, it is hereby ORDERED and

DECREED that Plaintiff's Request for Default Judgment is DENIED.

BY THE COURT:

_____
J.

21

22