# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN M. NOLAN, JR.** : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **READING BLUE MOUNTAIN &** : | |
| **NORTHERN RAILROAD COMPANY** : | |
| Defendant. : | NO. 02-CV-2805 (PBT) |

### DECLARATION OF PLAINTIFF JOHN M. NOLAN, JR. UNDER 28 U.S.C. § 1746

I, **John M. Nolan, Jr.**, hereby depose and state as follows:

1. I am the plaintiff in the above captioned action. I make this declaration on my personal knowledge, and I will testify hereto if called as a witness.

2. I was hired by Defendant Reading Blue Mountain & Northern Railroad Company ("Defendant") on April 1, 1986, at age 47.

3. During the time I was employed by Reading Blue Mountain & Northern Railroad Company, Defendant did perform formal employee performance evaluations.

4. I never received a negative performance evaluation during my 14 years with the Defendant. I was given no other reason to believe that the quality of my work and/or job performance were unsatisfactory.

5. On March 17, 1997, I began work in freight service and initially was paid at the passenger rate of $6.50 per hour. Younger co-workers were paid at a higher hourly rate.

6. I questioned the discrepancy between my rate of pay and the rate of pay of my

younger co-workers. Defendant then changed my rate of pay to $11.50 per hour.

7. I further questioned Defendant whether I would receive a retroactive adjustment in pay for the discrepancy. Defendant did not make such an adjustment.

8. I was the first employee to enter the formal engineer training program.

9. During 1997, Defendant gave me the opportunity to operate locomotives in a training mode with qualified engineers on only 8 days. During 1998, I had only 16 additional days as an engineer-trainee while performing conductor duties.

10. After I became an engineer, I was assigned to night shifts and received less favorable assignments than those received by three younger trainees, Mark Canfield, William Riegle, and Joseph Norman.

11. In or around February 1999, I worked the Pittston job for two days.

12. Pittston is approximately 134 miles away from my home in West Chester, Pennsylvania.

13. To drive to Pittston from my home took me approximately 2 hours and 45 minutes each way, for a total commute of approximately 5 hours and 30 minutes each day, in addition to my 12 hour shift on the train. This constituted approximately 17 hours and 30 minutes of working and commuting each day.

14. I informed Chief Dispatcher Wayne Weikel that such a long commute combined with the 12 hour shift was too physically draining to allow me to work safely.

15. Second Shift Dispatcher Daren Geshwindt told me I should move closer to the job.

16. Defendant never offered to pay for my moving expenses.

17.    On or about April 6, 1999, I was banned from working the Pittston job and all other jobs within the entire Lehigh Division.

18.    In a 9 month period from approximately December 1999 to approximately August 2000, the starting time and starting point of my assignment was changed several times. That was not typical for an engineer in Defendant's employ with my seniority level and experience.

19.    On or about July 13, 2000, at approximately 5:55 p.m., I questioned General Manager Tyler Glass about the variation in my hours. Glass responded, "With that big pension check you get from Scott, you can afford the hours."

20.    In July 2000, I reminded Dispatcher Daren Geshwindt that the long commute combined with the 12 hour shift was too physically draining to allow me to work safely.

21.    On or about August 2, 2000, I was discharged by Defendant.

22.    Defendant's General Manager Tyler Glass stated to me that the reason I was discharged was because I refused to work at Pittston.

23.    Defendant gave me no other oral or written reason for my discharge.

24.    At the time of my discharge, I was the best and most competent individual to perform the services required by Defendant.

25.    Other younger employees have complained about the distance of the commute between home and work. Those employees were allowed to accept or remain on assignments with shorter commutes between home and work. Defendant did not require those younger employees to make the longer commutes in order to maintain employment.

26.    Michael Bischak, an employee then in his 30's, Chad Frederickson, an employee

5

then in his 20's, and Michael Creedon, an employee in his 40's, have refused to work the Port Clinton job.

27.	Bischak, Frederickson, and Creedon were not discharged for refusing to work the Port Clinton job.

28.	Christopher Bost, an employee in his 30's, has never worked the Pittston job in his 17 years with the Defendant.

29.	In approximately 1998, employee Joseph Norman, an engineer then in his 40's, refused to work out of Pittston. As a result, Norman was not assigned to work any engineer jobs within the Lehigh Division. Norman was not discharged for refusing to work out of Pittston.

30.	After I was discharged by Defendant, I began to collect social security benefits at age 62. As a result, I have received, am receiving, and will receive smaller social security benefit payments than I would have received had I waited until age 65 to begin collecting social security.

_____
**JOHN M. NOLAN, JR.**

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____, 2003.

## CERTIFICATE OF SERVICE

I, John M. LaRosa, do hereby certify, on this ___th day of August, 2003, I caused two (2) copies of **DECLARATION OF PLAINTIFF JOHN M. NOLAN, JR. UNDER 28 U.S.C. § 1746**, to be sent via fax and first class U.S. mail, postage prepaid to the following:

>Robert G. Devine, Esquire
>Michael W. Horner, Esquire
>White and Williams LLP
>1800 One Liberty Place
>Philadelphia, PA 19103

>Paul R. Ober, Esquire
>Paul R. Ober & Associates
>234 North 6th Street
>Reading, PA 19601

**LAW OFFICE OF JOHN M. LaROSA**

_____
**JOHN M. LaROSA, ESQUIRE**
Pa. S.C. No. 85339
Two East 7th Street, Suite 302
Wilmington, Delaware 19801
(302) 888-1290

Attorney for Plaintiff John M. Nolan, Jr.

cc:   Thomas Stephen Neuberger, Esquire
      Mr. John M. Nolan, Jr.

Attorney Files/John's Files/Client Files/JLR Clients/Nolan/Pleadings/Declaration of John Nolan