IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. NOLAN, JR. | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| READING BLUE MOUNTAIN & | : | NO: 02-CV-2805 |
| NORTHERN RAILROAD CO. | : | |
| | : | |
| *Defendant* | : | |

**DEFENDANT'S RESPONSE TO MOTION TO COMPEL RESPONSES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

In this action, plaintiff, John Nolan, seeks to recover damages on the basis that his employment with defendant railroad, Reading Blue Mountain & Northern Railroad Co. ("the Railroad") was unlawfully terminated in violation of federal and state laws against discrimination. Specifically, plaintiff asserts that he is the victim of age discrimination. To the contrary, defendant terminated the employment of plaintiff due to his failure to appear for an assignment out of the Railroad's Pittston, Pennsylvania station on August 1, 2000.

FACTUAL BACKGROUND

1.   Admitted in part, denied in part. Admitted insofar as this is a civil case for compensatory and punitive damages and for injunctive relief for the termination of plaintiff's employment. It is also admitted that plaintiff worked for defendant railroad for approximately fourteen years and was discharged on or about August 2, 2000. All other averments are denied.

2.   Denied. Plaintiff was discharged after he failed to show up for a work assignment without a proffered reason.

-2-

## ARGUMENT

In his motion, Nolan attacks the Railroad's discovery responses on specific grounds applicable to certain requests. None of these attacks are valid.

### 1. PLAINTIFF'S MOTION IS IMPROPER.

Plaintiff's current motion is untimely. Discovery in this matter ended a year ago, and trial is scheduled for March 7, 2005. Moreover, as Nolan states in his motion, defendant produced its responses to the requests for production of documents on or about October 7, 2003 and its response to plaintiff's first set of interrogatories on or about November 24, 2003. Therefore, plaintiff had adequate time to allege deficiency in the railroad's answers, however, plaintiff waited until the eve of trial to raise his challenges.

Further, in the past year Nolan did not inform defendant that its answers were in any way insufficient or inadequate. The first notice defendant received of any challenge to its answers was when the pending motion was filed. Local Civil Rule of Procedure 26.1(f) specifically prohibits filing of a discovery motion "unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Here, plaintiffs made no attempt to confer, but rather let his misgivings lay dormant for over a year before suddenly deciding to express them in this motion after the end of discovery and two and a half months before trial.

### 2. PLAINTIFF'S SPECIFIC ATTACKS ON DEFENDANT'S DISCOVERY REQUESTS ARE NOT WARRANTED.

      A.      <u>Defendant's Alleged Resistance In Answering Discovery Is Neither Supported Nor Relevant To the Pending Motion.</u>

Plaintiff intimates that defendant resisted responding to his discovery. In support of this contention plaintiff relies on the fact that the Railroad's answers were overdue. However, defendant's delay in responding to discovery is both justified and irrelevant.

Defendant responded to plaintiff's discovery as soon as possible. Although matters may have arisen which delayed the Railroad's answers, these matters were out of defense counsel's control. For example, it took defendant an immense amount of time to retrieve plaintiff's work hours and assignments because there is no formal data base where said information is stored. Rather, the information was stored in boxes and had to be sorted through by hand.

Moreover, defendant acted in an expeditious manner in regards to other areas of discovery. For example, defendants produced at least ten (10) employees for depositions in a matter of approximately two (2) weeks. Also, the Railroad did not seek to extend discovery, and willingly provided plaintiff various extensions. Conversely, plaintiff was not cooperative in discovery. Specifically, Nolan required that depositions be taken 123 miles away from the witnesses place of work and residence, and would not cooperate in scheduling the depositions until this Honorable Court ordered him to do so. <u>See</u> Letter from Michael W. Horner to John M. LaRossa, dated July 14, 2003, attached as Exhibit "A."

In the present motion, plaintiff is challenging the sufficiency of defendant's answers, not the timeliness. Therefore, when defendant responded to discovery is not relevant to the motion at hand, which is to overrule defendant's objections to discovery.

B.  Plaintiff's Specific Challenges to Defendant's Document Request Responses Are Invalid.

Each of plaintiff's attacks on defendant's responses to specific document requests is unfounded. Without reiterating each and every objection applicable to the various discovery requests, the following is a brief response to each of plaintiff's specific concerns.

Plaintiff specifically challenges defendant's response to request number 17, which asked for "[a]ll written policies, procedures, rules, guidelines, standards and other documentation concerning insubordination used by the Defendant from January 1, 1995 to present." Defendant produced all documents in regard to insubordination. More importantly defendant produced the insubordination policy that was in effect at the relevant time.

Plaintiff also specifically challenges defendant's response to request number 41, which asked for "[a]ll work schedules and other records of when and where Plaintiff, Mark Canfield, Joseph Norman, and William Riegle worked from January 1, 1999 to August 2, 2000, including all documents indicating the shifts and hours worked for each employee." Such a request is burdensome on defendant. As plaintiff admits, defendant produced the requested information in regards to plaintiff. However, gathering this information was time consuming for the defendant, as archived records had to be found and reviewed by hand. The information is not contained in a sophisticated database; rather, it is stored in hard copy in boxes.

This request is also burdensome because plaintiff has advanced nothing more than bare allegations concerning the other three younger employees who allegedly received more favorable treatment. Conversely, all three employees refuted plaintiff's claims during depositions. Further, Nolan could have obtained this information directly from the three employees during deposition.

-4-

Moreover, the Railroad provided Nolan with lists of each conductor and engineers work assignments from July and August 2000.  See Engineer Hours, attached as Exhibit " B."

        C.       Plaintiff's Specific Challenges To Defendant's Interrogatory Responses Are Invalid.

Like his attacks on the railroad's request to produce responses, each of plaintiff's attacks on defendant's responses to specific interrogatories is unfounded.  Without reiterating each and every objection applicable to the various discovery requests, the following is a brief response to each of plaintiff's specific concerns.

Plaintiff challenges defendant's answer to interrogatory number 12, which sought the identity of every employee "who entered Defendant's engineer program between April 1, 1986 and April 22, 1997."  It is plaintiff's contention that younger employees received their engineer training and license quicker than himself and therefore, were subject to higher seniority and higher pay earlier than plaintiff.  As the younger employees stated in deposition, they did not only receive their training hours when scheduled but took it upon themselves to obtain training hours while working for particular engineers who were willing to train them.  Therefore, as was described above, it is burdensome for plaintiff to search for and produce the requested documentation, especially when said documentation will not produce relevant evidence.  Moreover, the Railroad produced a list of engineers in discovery.  See List of Engineers As Of August 2000, attached as Exhibit " C."

Interrogatory number 10 asks for the number of defendant's employees for the years 1986-2000.  This request is improper insomuch as defendant is not subject to the ADEA.  Moreover, as was previously stated, defendant produced a list of engineers and other employees

employed by defendant during the relevant time period.  <u>See</u> <u>Engineer Hours</u>, attached as Exhibit "D"; <u>see also</u> Exhibit "B"  Therefore, Nolan's request should be denied.

In regards to interrogatory number 21, which asks for each employee who was discharged or otherwise disciplined from January 1, 1997 to the present, the Railroad objected on the basis that such a request was overbroad and sought information not reasonably calculated to lead to the discovery of admissible evidence.  This objection was proper because such a request is not limited to terminations under substantially similar circumstances as plaintiff's discharge, i.e. refusal to report to a work assignment.  Rather, it asks for <u>all</u> terminations, regardless of the basis.  Unless the prior employees were terminated for substantially similar reasons the information is irrelevant and plaintiff's request should be denied.

In regards to interrogatory number 22, which requests the date and termination for twenty employees of defendant, defendant objected to his request on the grounds that the information sought was neither relevant or reasonably calculated to lead to the discovery of admissible evidence and such a request is overbroad and unduly burdensome.  This objection was proper because, unless the named employees were terminated for substantially similar reasons as plaintiff, the information is irrelevant and the request is overbroad.  Further, the requested information was provided for the first three listed employees: Wayne Weikel, Joseph Abdo, and Mark Canfield because they worked during the relevant time period at hand.

Moreover, Nolan hinges his argument in the present motion on the fact that defendant objected on the basis that the request is unduly burdensome.  This request for irrelevant material, when coupled with plaintiff's numerous other requests for irrelevant material, in fact becomes burdensome.

In regards to interrogatory number 23, which asks for "all other employees of the Defendant whose employment was terminated from January 1, 1997 to present," this request was properly objected to because, again, it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because the request is not limited to those in substantially similar situations as plaintiff. Therefore, plaintiff's request should be denied.

Plaintiff also challenges the Railroad's objection to interrogatory number 24, which asks for each person who has "supplied information for the answers to each of these interrogatories and all requests for production of documents." This request was properly objected to insomuch as it asks for attorney-client interaction that is privileged. No further supplemental response to this interrogatory should be required.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel More Specific Discovery Responses should be denied.

Respectfully submitted:

_____
Michael W. Horner
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
Attorneys for Defendant,
Reading Blue Mountain &
Northern Railroad Co

Dated: December 20, 2004