## Schedule (2) Brief Statement of the Facts

Plaintiff John M. Nolan, Jr. resides in West Chester, Pennsylvania and was employed by Defendant and its predecessors from April 1, 1986, to August 2, 2000, most recently as a licensed engineer. Verified Complaint at ¶¶ 1, 15, 19 and Answer at ¶ 1, 10, Pl. at 16, 80, 88; B1, 4, 5, 15, 17, 94, 158, 166. Defendant Reading Blue Mountain & Northern Railroad Company operates a railroad in Port Clinton in Berks County. Id. at ¶ 2; B1, 15.

On August 2, 2000, Defendant's then 28 year old General Manager Tyler Glass discharged Plaintiff, then age 62. Glass at 40, 42, 21a; B353, 355, 793. At the time of his discharge, Plaintiff was the Railroad's oldest engineer, and its oldest employee in the railroad operating department. Riegle at 16, Creedon at 21, Weikel Decl. at ¶ 32; B594, 749, 38. Other than a 1999 reprimand and his termination letter, he received no other written reprimands from Defendant. See 98RBM, Glass at 17-18, 21; B807, 330-31, 334. Plaintiff alleges that Glass discharged him because of his age, 62. V. Complaint at ¶ 53; B9. Defendant's stated reason for the discharge was that when assigned to Pittston in the Lehigh Division[1] in 2000, Plaintiff refused to report to his assigned work location. Answer at ¶ 13; Glass at 38; B17, 351. Plaintiff asserts that in August of 2000, there was no extra work in Pittston that required Plaintiff to be scheduled there. Weikel at 104; B472.

Previously in February of 1999, Plaintiff was assigned to work the Pittston job for two consecutive days. Weikel at 24; B392. Pittston is 134 driving miles away from Plaintiff's home in West Chester, and it took him about 2 hours and 45 minutes to commute there one way, for a total commute of approximately 5 hours and 30 minutes each day, in addition to his 12 hour shift on the train. Pl. 1st Req. for Adm. and Def. Resp. at ¶ 2(c), Pl. at 148, Pl. Decl. at ¶ 13; B40, 42,

---

[1] Defendant has two divisions, Reading and Lehigh. All engineer assignments originate from a location in one of these two divisions.

226; accord Pl. at 148; B31, 226.  This constituted approximately 17 hours and 30 minutes in one day.  Pl. Decl. at ¶ 13; B31.  After working the first day, Plaintiff informed Chief Dispatcher Wayne Weikel that such a long commute combined with the 12 hour shift was too physically draining to allow him to work safely.  Pl. at 148; Pl. Ans. to Interrog. No. 18; Weikel at 25, 61; B226, 73, 393, 429.  In response, Lehigh Division Assistant General Manager Joe Abdo and Mike Bednar banned him from working all jobs in the Lehigh Division.  Pl. at 140, 147, Geschwindt at 33; B218, 225, 513.  Plaintiff never worked an engineer job in that Division from February 11, 1999 to August 2, 2000.  Pl. at 126; B204.

Then in the Summer of 2000, Defendant "hired [the] 3[2] year old [Jack Barnett,] and asked [Plaintiff] to train him on [Plaintiff's assignment,] the Reading [T]urn." Pl. at 163-64; B241-42.  Once Plaintiff qualified Barnett, Glass assigned Plaintiff to Pittston.  Pl. at 164; B242.  Glass then scheduled Plaintiff to work at Pittston on August 2, 2000.  See Weikel Decl. at ¶ 29; B37.  On the morning of August 1, 2000, Plaintiff called Dispatcher Geschwindt and reminded him that the commute combined with the twelve hour shift was too physically draining to allow him to work safely. Geschwindt at 29, Pl. at 153, 150, 172; B509, 231, 228, 250.  So Plaintiff was told to report to Port Clinton with all his railroad property, on the morning of August 2, 2000.  Weikel at 22, Pl. at 156; B390, 234.  In a three minute meeting with Glass and Human Resources Manager Tina Muller, Plaintiff was discharged.  Pl. at 157, 159, Geschwindt at 33; B235, 237, 513.

Plaintiff alleges that at least five younger Reading Division engineers never worked at Pittston in the Lehigh Division: Chris Bost, Joe Norman, Rich Bader, Jack Barnett, and Mike Kolbe.  Geschwindt at 40-42, Kolbe at 16-17; B520-22, 614-15.  On the other hand, Lehigh Division engineers Mike Bischak and Chad Frederickson were regularly assigned to work the

Pittston job. V. Complaint at ¶ 56.a; B9. No younger engineer commuted farther than 1 hour and 50 minutes. Frederickson at 22; B679. No younger engineer was expected to work and commute longer than 16 hours. Frederickson at 24; B681. Defendant allowed younger engineers, who complained about the length of or refused to make long commutes from home, to accept or remain on assignments with shorter commutes and did not require them to make longer commutes to keep their jobs. Pl. Decl. at ¶ 25; B32. Plaintiff also alleges that similarly situated younger employees were treated better in terms of higher conductor pay and faster engineer training and pay increases. See, e.g., Riegle at 12, Frederickson at 18-19, Bost at 23-24, Riegle at 12, Pl. at 164; B242, 557-58, 590, 675-76 (training); see also Pl. at 166; B244 (pay increases).