**Schedule (6): Special Comments Regarding Legal Issues, Stipulations, Amendments of Pleadings, or Other Appropriate Matters**

A     **Legal Issues and Stipulations.**

1. The parties agree the Defendant Railroad employed more than twenty employees during each year from 1997 to 2000. Therefore, Defendant is an employer covered under the ADEA.

B.     **Amendments of Pleadings.**

1. Plaintiff does not wish to amend his Verified Complaint.

C.     **Other Appropriate Matters.**

1. Defendant has been unable to produce the following information after discovery, Plaintiff's Motion to Compel, and the Court's Order granting in part the same. Therefore, Defendant should be precluded from presenting such information as evidence at trial.

    a. Name all employees who entered Defendant's engineer training program between [1997 and 2000], and identify each employee by birth date and the date each trainee officially entered the program. Defendant has not provided this information, and thus should be precluded by presenting such information as evidence at trial. See Pl. Int. No. 9 and Court's Order of 1/19/05 at ¶ 3.a. (attached).

    b. [If termination occurred between 1997 and 2000, i]dentify by date of birth, each of the following employees whose employment with Defendant was terminated. For each employee identified, also specify the date of and reason(s) for the termination of employment.
        i. John Caviston. See Pl. Int. No. 9 and Court's Order of 1/19/05 at ¶ 3.d (attached).

    Defendant has not provided Mr. Caviston's date of birth nor the date and reason for the termination of his employment. Again, Defendant should be precluded from presenting such information as evidence at trial.

    c.    Identify by date of birth all other employees of the Defendant whose employment was terminated from January 1, 1997 to [December 31, 2000]. For each employee identified, also specify the date of and the reason(s) for the termination of employment. <u>See</u> Pl. Int. No. 9 and Court's Order of 1/19/05 at ¶ 3.e (attached).

    Defendant has not provided the dates of termination for five individuals it identified: Richard Hahn, Carols Lemus, Bernard Kayes, and Nathan Evans, and John Thomas. Nor did it supply the reasons for termination of the employment of Mr. Hahn or Mr. Thomas. Therefore, Defendant should be precluded from presenting such information as evidence at trial.