IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. NOLAN, JR | : NO. 02-CV-2805 (PBT) |
| Plaintiff, | : |
| v. | : |
| | : Electronically Filed |
| READING BLUE MOUNTAIN & NORTHERN RAILROAD COMPANY, | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT DEFENDANT COULD NOT CHANGE THE TERMS OF <u>MICHAEL BISCHAK'S EMPLOYMENT</u>**

COMES NOW JOHN H. NOLAN, JR., plaintiff herein, and files this, his memorandum of law in support of the motion in limine to exclude any evidence and argument that the employer could not change the terms of Michael Bischak's employment.

ARGUMENT AND CITATION OF AUTHORITY

Plaintiff moves the Court to exclude any evidence and argument that the employer could not change the terms of Michael Bischak's employment. During the course of this case Defendant has contended that Michael Bischak was treated differently than plaintiff because there was an agreement at the time Bischak was

1

hired that he would not be required to work at the Pittston location. What defendant has failed to account for in its position is that absent a written contract for a period of time greater than one year in length there is no contract of employment and the employee is treated as at-will. The agreement to limit Bischak's assignments was not legally binding and the Defendant could have changed its mind at any time about the conditions under which Bischak was to work without any legal consequence. See *Donahue v. Custom Management Corp.*, 634 F.Supp. 1190, 1200 (E.D. Pa. 1986); *Niehaus v. Delaware Valley Medical Center*, 631 A.2d 1314 (1993); *Cohen v. Salik Health Care, Inc.*, 772 F.Supp. 1521, 1529 (E.D. Pa. 1991); *Robertson v. Atlantic Richfield Petroleum Products Co., Division of Atlantic Richfield Co.*, 537 A.2d 814, 819 (1987). Defendant was not legally bound to keep any vague promise it made to Bischak when he was hired. It should not be able to argue that it was legally obligated to observe its promise to Bischak with regard to his work location. Allowing Defendant to do so would be contrary to the law and would result in undue prejudice to plaintiff.

    WHEREFORE, plaintiff, having shown good cause for same, respectfully requests the Court grant his Motion in Limine and exclude all evidence and argument that the Defendant could not legally change the terms of Michael Bischak's employment.

This 26th day of July, 2005.

                                                  *s/Ralph E. Lamar, IV*_____  
                                                  Ralph E. Lamar, IV  
                                                  PA State Bar No. 78974  
                                                  Attorney for Plaintiff  
                                                  141 Spruce Lane  
                                                  Collegeville, PA 19426  
                                                  (610) 831-5181  
                                                  (610) 831-0680 facsimile  
                                                  ralph.lamar@verizon.net

## CERTIFICATE OF SERVICE

I, Ralph E. Lamar, IV, Esquire, hereby certify that on this the 27th day of July, 2005, caused a true and correct copy of the attached pleading to be served today upon Counsel for Defendant via electronic mail:

>Robert G. Devine
>Michael W. Horner
>White & Williams
>1800 One Liberty Place
>Philadelphia, PA 19103
>
>Paul R. Ober
>Ann Perige
>Paul Ober & Associates
>234 N. 6th Street
>Reading, PA 19601

>By: *s/Ralph E. Lamar, IV*_____
>RALPH E. LAMAR, IV, ESQUIRE
>Attorney for Plaintiff