IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. NOLAN, JR | : NO. 02-CV-2805 (PBT) |
| Plaintiff, | : |
| v. | : |
| | : Electronically Filed |
| READING BLUE MOUNTAIN & NORTHERN RAILROAD COMPANY, | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT PLAINTIFF HAS NOT PURSUED A CLAIM FOR EMOTIONAL DISTRESS DAMAGES**

COMES NOW JOHN H. NOLAN, JR., plaintiff herein, and files this, his memorandum of law in support of the motion in limine to exclude any evidence and argument that he has failed to pursue a claim for emotional distress damages.

ARGUMENT AND CITATION OF AUTHORITY

Plaintiff moves the Court to exclude any evidence and argument that he has not filed a claim for emotional distress damages even though that remedy was available to him under the law. (Emotional distress damages may be sought for violations of the PHRA). Plaintiff has not sought any non-economic damages for emotional distress. It is foreseen that defendant will try to attack plaintiff's sincerity, and therefore his credibility, in the trial of his claims by pointing out that

1

he has not sought any damages for emotional distress even though he had the right to do so under state law. There is no relevancy to the fact that plaintiff has not sought any non-economic damages and it would be unfairly prejudicial to plaintiff for defendant to argue that plaintiff's decision not to seek non-economic damages must mean plaintiff doesn't believe he was the victim of discrimination. Irrelevant evidence is not admissible. Rule 402 of the Federal Rules of Evidence. Even if there is some small relevance to such evidence the unfair prejudice to plaintiff outweighs any value to defendant and such should be excluded under the balancing test of Rule 403 of the Federal Rules of Evidence.

WHEREFORE, plaintiff, having shown good cause for same, respectfully requests the Court grant his Motion in Limine and exclude all evidence and argument that he could have pursued a claim for emotional distress damages but has chosen not to do so.

This 27th day of July, 2005.

                                                    <u>s/Ralph E. Lamar, IV</u>
                                                  Ralph E. Lamar, IV
                                                  PA State Bar No. 78974
                                                  Attorney for Plaintiff
                                                  141 Spruce Lane
                                                  Collegeville, PA 19426
                                                  (610) 831-5181
                                                  (610) 831-0680 facsimile
                                                  ralph.lamar@verizon.net

## CERTIFICATE OF SERVICE

I, Ralph E. Lamar, IV, Esquire, hereby certify that on this the __th day of _____, 2005, caused a true and correct copy of the attached pleading to be served today upon Counsel for Defendant via electronic mail:

>Robert G. Devine
>Michael W. Horner
>White & Williams
>1800 One Liberty Place
>Philadelphia, PA 19103
>
>Paul R. Ober
>Ann Perige
>Paul Ober & Associates
>234 N. 6th Street
>Reading, PA 19601

>By: *s/Ralph E. Lamar, IV*_____
>RALPH E. LAMAR, IV, ESQUIRE
>Attorney for Plaintiff