IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. NOLAN, JR | : NO. 02-CV-2805 (PBT) |
| Plaintiff, | : |
| v. | : |
| | : Electronically Filed |
| READING BLUE MOUNTAIN & NORTHERN RAILROAD COMPANY, | : |
| Defendant. | : |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT HIS COUNSEL FORMERLY REPRESENTED WAYNE WEIKEL IN HIS <u>ADMINISTRATIVE CHARGE AGAINST DEFENDANT</u>

COMES NOW JOHN NOLAN, plaintiff herein, and files this, his memorandum of law in support of his motion in limine to exclude any evidence that his counsel in this case, John M. Larosa, represented Wayne Weikel, in his administrative charge of discrimination against Defendant.

ARGUMENT AND CITATION OF AUTHORITY

Plaintiff moves the Court to exclude from evidence any mention that his counsel in this case represented Wayne Weikel in his administrative charge against Defendant. Mr. Weikel is a former employee of Defendant whose employment was terminated by the company in 2003. Mr. Weikel filed a charge of age

1

discrimination with the PHRC against Defendant. Mr. Weikel has not filed suit against his former employer. Mr. LaRosa formerly represented Mr. Weikel in the administrative charge of age discrimination under the PHRA against the Defendant in this action. Mr. LaRosa no longer represents Mr. Weikel.

Mr. Weikel will be called by plaintiff to present testimony in his case in chief. The fact that Mr. LaRosa formerly represented Mr. Weikel in his administrative charge of discrimination against Defendant is not relevant to any of the issues in this case and therefore it is inadmissible. See Rule 402 of the Federal Rules of Evidence. Plaintiff is <u>not</u> requesting that Defendant be precluded from showing the possibility of bias on Mr. Weikel's part through the introduction of evidence that a charge of discrimination was filed by Mr. Weikel, only that his attorney's identity is not pertinent to any possible bias Mr. Weikel may possess.

To the extent that the Court finds that the fact of Mr. LaRosa's representation of Mr. Weikel is relevant to any of the issues in this case Plaintiff asks the court to exclude the evidence based upon the balancing test under F.R.C.P. 403. Relevant evidence should be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. In this case, any mention of the fact that Mr. LaRosa formerly represented Mr. Weikel will only serve to unfairly prejudice Mr. Nolan in

the eyes of the jury.

WHEREFORE, plaintiff, having shown good cause for same, respectfully requests the Court grant his Motion in Limine and exclude all evidence of the fact that John LaRosa represented Wayne Weikel in his administrative charge of discrimination against Defendant.

This 28th day of July, 2005.

*s/Ralph E. Lamar, IV*_____<br>
Ralph E. Lamar, IV<br>
PA State Bar No. 78974<br>
Attorney for Plaintiff

141 Spruce Lane
Collegeville, PA 19426
(610) 831-5181